O’CONNELL, Justice.
Appellants seek reversal of an order of the trial court dismissing their complaint for declaratory decree and holding F.S. Section 323.08(3), F.S.A., to be constitutional.
All of the parties to this proceeding are armored car carriers of personal property. Prior to the passage of Chapter 61-474, Laws of Florida, 1961, the appellee, Southern Armored Service, was authorized to operate state-wide, but was restricted by a provision in its certificate of public convenience and necessity to domiciling its equipment at Orlando, Daytona Beach, and Lake Worth.
The certificates held by Armored Express and Rasdale permitted both carriers to operate in Hillsborough County and several surrounding counties without restriction as to the domiciling of equipment.
Chapter 61-474 amended Section 323.08 by designating the two previously unnumbered paragraphs as subsections (1) and (2) and added a new subsection (3). This new subsection classified armored car carriers as “limited common carriers”; exempted such carriers from the provisions of subsections (1) and (2) of the statute pertaining to rates and rate schedules; and provided that such carriers “shall not be restricted with requirements for domiciling equipment.”
Following the enactment of Chapter 61-474, the appellee began to domicile its equipment in Hillsborough, Polk, Pinellas and Sarasota Counties, enabling it to compete more directly with the appellants in those areas. This litigation followed.
Appellants contend that Chapter 61 — 474, now F.S. Section 323.08(3), F.S.A., is invalid first, because it violates the due process and equal protection provisions of the state and federal constitutions, and second, because it contains two distinct, separate and unrelated subjects, only one being mentioned in the title to the act.
We cannot agree with appellants on either contention.
We will first consider the validity of the act as measured by Article III, Section 16, Florida Constitution, F.S.A.
This last mentioned section of our state constitution, as we are concerned with it here, prohibits the legislature from enacting any law embracing more than one subject, and requires that the subj ect shall be briefly expressed in the title thereto.
*488 The statute in question deals with only-one subject, to-wit: the regulation of armored car services. The title so states, and then goes further and tells the reader in detail how the body of the act affects armored car services. We think the title is a model of compliance with the constitutional provision.
In their second contention, appellants apparently take the position that the action of the legislature eliminating all restrictions on the domiciling of equipment of armored car service carriers deprived them of a vested property right. They complain that the legislature passed said statute without notice to them or the Florida Public Utilities Commission, and without hearing before its adoption. They argue that the statute is unreasonable, arbitrary, discriminatory, and is, in no way, of benefit to the public interest so as to be a valid exercise of the police power. Appellants, in their brief, admit that the legislature has the right to pass such a statute as the one under attack, but only if “the harsh and oppressive effects of said enactment were balanced and thus, justified by a substantial benefit to the public interest or welfare.”
1 We agree tliat the legislature had the power to enact the statute, and we are unable to discover, either on its face or in its projected operation, any of the unreasonable, arbitrary or discriminatory aspects that appellants attribute to it. We know of no requirement that the Commission or the parties involved be given notice and a hearing before passage of such a statute.
' In effect, all the statute does, for reasons stated therein, is exempt all armored car service carriers from filing with the Commission schedules of rates and charges, and takes from the Commission the authority to impose on any such carrier restrictions on the domiciling of equipment used in armored car service. The statute operates equally on all armored car service carriers, which carriers are unquestionably susceptible of being classified by the legislature for purposes of the special treatment afforded by the statute.
Other than the statements of the appellants, which are unsupported by either facts or case law, nothing has been offered to us that would justify a holding that the statute operates to unlawfully deprive the appellants of any right about which they can complain in a court. No doubt the appellants would be better off if the appellee could not domicile its equipment in the areas they serve, but they have no constitutional right to demand that the appellee be so restricted
As we see it, the appellants’ only recourse is to the legislature.
For the reasons above expressed the order appealed from is affirmed.
DREW, C. J., and ROBERTS, THORNAL, CALDWELL, ERVIN and HOBSON (Ret.), JJ., concur.